UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: **Lawrence O. Smith**  :   Chapter 13
:
:   Bankruptcy No.: **13-16588**
Debtor :

# AMENDED CHAPTER 13 PLAN OF THE DEBTOR POST CONFIRMATION

1.  Under this plan the allowed unsecured creditors will receive pro rata share of this claim.

2.  **Because the Debtor received a discharge less than eight years go in a previous case, Debtor is ineligible to receive a discharge in this case.**

3.  a.  The Debtor shall pay a total amount of **$62,386.00,** including trustee's commission, into the Chapter 13 plan.

    b.  The Debtor's Chapter 13 Bankruptcy Petition was filed on **July 29, 2013.**

    c.  The Debtor shall submit to the supervision and control of the trustee the following sums: from the **first (1st) month** to the **forty-first (41th) month),** Debtor shall have paid a total of **$32,100.00** and **from the forty-second (42th) month** through the sixty (60th) month, Debtor shall pay the sum of **one thousand five hundred and ninety-four dollars ($1,594.00)** a month.

4.  The various claims of the Debtors' creditors shall be classified as follows:

    **ADMINISTRATIVE CLAIMS**:  Administrative expenses allowed under Section 503(b), and any fees and charges assessed against the estate under Chapter 123 of Title 28. **The Administrative Claim of Michael D. Sayles, Esquire in the amount of $2,050.00 will be paid in full by this plan.**

    a.  CLASS 1:   Claims filed and allowed which are entitled to priority under 11 U.S.C. Section 507.  **Internal Revenue Service's** unsecured priority claim in the amount of **$4,678.00** as represented on its amended Proof of Claim#: **2** dated **September 27, 2013** will be paid in full by this plan.

    b.  CLASS 2:   Claims filed and allowed which are secured by a lien that is not avoidable by the debtors under 11 U.S.C. Section 522.

    c.  CLASS 3:   All other claims.

5.    The payments received by the trustee from the debtors pursuant to this plan shall be distributed as follows:

    a.    CLASS 1 CLAIMS:  The amount paid by the Debtors to the Trustee shall be distributed first to the Class 1 claims, pro rata, until they are paid in full.

    b.    CLASS 2 CLAIMS:  After the application of the appropriate amount each month to the Class 1 and Class 2 claims, the entire amount of the monthly payment remaining in to the hands of the trustee shall be distributed, pro rata, to the holders of the Class 3 claims.

6.    The trustee shall distribute the Debtors' payments as follows:

    a.    The trustee shall first make distributions to Class 1 claims pro rata until they are paid in full;

    b.    After the Class 1 claims are fully paid, the trustee shall then make distributions to the Class 2 claims, pro rata, until they are paid in full;

    c.    After Class 1 and 2 claims are paid in full, the trustee shall then make distribution to the Class 3 claims.

7.    **City of Philadelphia's** secured claim in the amount of **$550.00** as represented on its Proof of Claim#: **3** dated **November 20, 2013** will be paid in full by this plan.

The default on the mortgages on Debtor's home held by **Caliber Home Loans, Inc.** in the amount of **$39,493.50** as represented on amended Proof of Claim#: **4-2** dated **April 10, 2014 and** by **LSF8 Master Participation Trust** in the amount of **$10,377.09** as represented on Proof of Claim#: **6** dated **March 1, 2016** will be cured by this plan.

Confirmation of the plan shall constitute a judicial finding that the amount of the default does not exceed the amount listed as "arrears" on the claims docket.  All regular monthly mortgage payments falling due after the filing of this petition will be paid directly to the creditor(s) and not to the trustee.

8.    Confirmation of this plan shall constitute a finding that the Debtors are curing the default on the home mortgage notes within a reasonable time within the meaning of 11 U.S.C. Section 1322 (b)(5) and that the plan constitutes the Debtors' best efforts under all the circumstances, and was proposed in good faith, within the meaning of 11 U.S.C. Section 727 (a) (9).

9.    Confirmation of this plan shall constitute a finding that the entire Debtors' projected disposable income will be applied to make payments under the plan.

10.    The title to the property of the estate shall revest in the Debtors upon confirmation of this plan, and the Debtors shall have sole right to use and possession thereof.  The holder of each allowed

secured claim shall retain the lien securing such claim, and the holder of such claim shall be paid cash in amounts as to have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim.

11.     Upon application with notice to the trustee, the Debtors may alter the amount of or timing of payments under this plan.  Such modifications shall be permitted if they are reasonable and do not decrease the total amount of money that will be paid to the Class 1 or Class 2 claims.

12.     Any other money or property acquired by either the trustee or the Debtors, or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the Debtors, if exemptible, and shall be forthwith delivered to the Debtors.

13.     Upon completion of this plan, all debts listed in the Debtors' Chapter 13 Statement, except those excepted by 11 U.S.C. Section 1328(a)(1) or (a)(2) shall be discharged.


\s\ **Michael D. Sayles, Esquire**
Michael D. Sayles, Esquire
Attorney for Debtor


Dated: December 28, 2016